# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 0419 3:16CR00035-001 |
| Alberto Diaz-Fernandez ) | |
| ) | USM No: 31420-160 |
| Date of Original Judgment: 06/27/2016 ) | |
| Date of Previous Amended Judgment: ) | Pro Se |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 07/08/2016, shall remain in effect.

**IT IS SO ORDERED**.

Signed: January 31, 2024

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Alberto Diaz-Fernandez
CASE NUMBER: 0419 3:16CR00035
DISTRICT: Western District of North Carolina

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____    Amended Total Offense Level: _____
Criminal History Category: _____    Criminal History Category: _____
Previous Guideline Range: _____ to _____ months    Amended Guideline Range: _____ to _____ months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Part A of Amendment 821 reduces the previous application of "status points" under § 4A1.1(d) to one point or zero points based upon the criteria set forth in the revised guideline at § 4A1.1(e). Part B of Amendment 821 provides an adjustment for certain offenders with zero criminal history points. At sentencing, the Court did not apply "status points" to calculate Defendant's criminal history category. Defendant is also not a zero-point offender who meets the criteria of § 4C1.1. Because Amendment 821 does not change the criminal history category or total offense level the Court used to determine Defendant's sentence, his guideline range remains the same, and he is not eligible for a reduced sentence under the Amendment.