UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-CR-00035-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ALBERTO DIAZ-FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Renewed Motion for a Sentence Reduction (Doc. No. 82) under Amendment 821 to the United States Sentencing Guidelines, 21 U.S.C. § 3553(f), and 18 U.S.C. § 3582(c)(2). For the reasons set forth below, Defendant's Motion is **DENIED**.

On January 26, 2024, Defendant filed a pro se Motion for a Sentence Reduction under Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 79.) The Court denied the motion. (Doc. No. 81.) On March 26, 2024, Defendant filed the instant renewed motion for a sentence reduction under Amendment 821 and asked the Court to consider his eligibility for a "safety-valve" reduction under 18 U.S.C. § 3553(f).

The Court denied Defendant's first motion for a sentence reduction because Defendant is not a "Zero-Point Offender" who meets the criteria of U.S. Sentencing Guideline § 4C.1.1. (Doc. No. 81, p. 2.) His presentence report in this case reflects he scored two criminal history points based on a 2008 conviction in the United States District Court for the Northern District of Ohio. (Doc. No. 36, pp. 6–7.) He is therefore ineligible for a sentence reduction under Amendment 821 Part B, Subpart 1 – Zero Criminal History Points.

1

Defendant is similarly ineligible for a sentence reduction under the "safety-valve" statute. That statute permits the Court to pierce the mandatory minimum sentence in some cases where it finds "at sentencing, after the Government has been afforded the opportunity to make a recommendation," that certain conditions are met. 18 U.S.C. § 3553(f). Defendant was not eligible for relief under § 3553(f) at sentencing because of his criminal history score. Since Defendant's sentencing, Congress has amended the "safety-valve" statute. First Step Act, Pub. L. 115-391, § 402, 132 Stat. 5194 (2018). But that change was not retroactive. It applies "only to a conviction entered on or after the date of enactment of this Act." Id. § 402(b). Defendant was convicted in 2016, two years before the First Step Act took effect. For this reason, even if Defendant could demonstrate he meets each condition of the current § 3553(f), he would not be eligible for relief under the statute.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for a Sentence Reduction, (Doc. No. 82), is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 15, 2024

Frank D. Whitney
United States District Judge